UNITED STATES COURT OF APPEALS
**Filed 6/26/96**
TENTH CIRCUIT

GENE TAYLOR,

      Plaintiff - Appellant,

vs.

R. MICHAEL CODY; PHIL GILSTRAP,

      Defendants - Appellees.

No. 96-6003
(D.C. No. CIV-95-188-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY and LUCERO, Circuit Judges.[**]

Mr. Taylor, an inmate appearing pro se and in forma pauperis, appeals from a grant of summary judgment in favor of Defendants. Mr. Taylor contends that prison officials violated his First and Fourteenth Amendment rights by refusing to deliver white supremacist literature to him. We review the district court's grant of summary judgment de novo. Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1996). Prisons may

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

regulate incoming literature to prisoners if such regulations are "reasonably related to legitimate penological interests." Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (quoting Turner v. Safely, 482 U.S. 78, 89 (1987)). The district court held that the regulations in question were valid both facially and as applied. Considering the violent and hateful content of the literature, the court found that Defendant's refusal to allow Plaintiff access to the literature was reasonably related to a legitimate penological interest, namely the maintenance of a safe and orderly prison. We agree.

As to Mr. Taylor's claim of due process violation, the availability of procedures for appealing the decision to withhold his mail satisfies due process. See Procunier v. Martinez, 416 U.S. 396, 417-19 (1974), partially overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge